UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

NICOLE MINELLI, as Administratrix of the Estate of the
Estate of Salvatore Limongelli,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                                      Defendants.

--------------------------------------------------------------- x

**STIPULATION AND ORDER OF DISMISSAL**

12 CV 8731 (KBF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 7 2014

**WHEREAS**, the parties have reached a settlement agreement, subject to the approval of the Bronx County Surrogate's Court, and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

    1.    The above-referenced action is hereby dismissed with prejudice; and

2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

BELDOCK, LEVINE & HOFFMAN LLP
*Attorneys for Plaintiff*
99 Park Avenue, Suite 1600
New York, NY 10016

By: _____
Joshua Moskovitz, Esq.
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants City, Lopez and O'Hanlon*
100 Church Street, Rm. 3-133B
New York, New York 10007

By: _____
Mark Zuckerman, Esq.
*Senior Counsel*

SO ORDERED:

_____
HON. KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       7/7, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

NICOLE MINELLI, as Administratrix of the Estate of Salvatore Limongelli,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                          Defendants.
---------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

12 CV 8731 (KBF)

      **WHEREAS**, Salvatore Limongelli commenced this action by filing a complaint on or about November 30, 2012, alleging that the defendants violated his federal civil and state common law rights; and

      **WHEREAS**, Mr. Limongelli died on or about March 14, 2013, and the Bronx County Surrogate's Court granted Nicole Minelli Limited Letters of Administration for Mr. Limongelli's estate on November 12, 2013; and

      **WHEREAS**, Nicole Minelli, as Administratrix of the Estate of Salvatore Limongelli, was substituted as plaintiff in this action and filed an amended complaint on or about December 3, 2013; and

      **WHEREAS**, defendants City of New York, Doris Lopez and Brian O'Hanlon have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS**, plaintiff has authorized her counsel to settle this matter, subject to the approval of the Bronx County Surrogate's Court, on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay the Estate of Salvatore Limongelli the sum of Sixty Thousand ($60,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of Salvatore Limongelli's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated Salvatore Limongelli's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       July 3, 2014

BELDOCK, LEVINE & HOFFMAN, LLP          ZACHARY W. CARTER
*Attorneys for Plaintiff*                Corporation Counsel of the
99 Park Avenue, Suite 1600                 City of New York
New York, NY 10016                       *Attorney for Defendants City, Lopez and*
                                         *O'Hanlon*
                                         100 Church Street, Rm. 3-133B
                                         New York, New York 10007

By: _____         By: _____
    Joshua Moskovitz, Esq.                   Mark Zuckerman, Esq.
    *Attorney for Plaintiff*                 *Senior Counsel*